IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONNA R. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3229 |
| | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's objection to removal, which the Court construes as a motion to remand.

Plaintiff Donna R. Walker filed this action in the Circuit Court for the Seventh Judicial Circuit, Springfield, Sangamon County, Illinois. The Plaintiff alleges she sustained personal injuries when she tripped and fell while walking outside of the Defendant's convenience store on or about April 15, 2006. The Defendant timely removed the case to this Court. The Defendant claims that removal is proper under 28 U.S.C. § 1441, on the basis of diversity of citizenship jurisdiction. In her complaint, the Plaintiff

alleged that she incurred damages in excess of $50,000.  The Defendant asserts that, based on the allegations of numerous, serious and permanent injuries allegedly sustained by the Plaintiff as set forth in the complaint, the amount in controversy is in excess of $75,000.  In cases where jurisdiction is based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

"[T]he proponent of federal jurisdiction has the burden of proof." Meridian Security Insurance Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2001).  Thus, the removing defendant "must establish what the plaintiff stands to recover."  Id. at 541.  There are multiple ways for a defendant to establish the amount in controversy.  If the defendant meets its burden, then subject matter jurisdiction is proper "unless it is legally certain that the controversy is worth less than the jurisdictional minimum."  Id.  The court summarized the applicable standard:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence.  Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify

dismissal. Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

Id. at 543 (internal citations omitted).[1]

In her objection to removal, the Plaintiff says she does not intend to request in excess of $75,000 in damages. She attaches her affidavit and that of her counsel in support. The Plaintiff acknowledges she is claiming injuries, wage loss, and incurred medical expenses. The Plaintiff was 65 years old at the time of her fall. She states that she missed about a month of work. The Plaintiff incurred approximately $27,450.60 in medical bills, most of which can be attributed to her fractured right humerus (fracture of the upper right arm bone), which required open reduction and internal fixation. The Plaintiff states that, rather than contacting her counsel to find out the amount of her claim, counsel for the Defendant instead filed the removal notice wherein he alleges "on information and belief" that Plaintiff

---

[1] Although the Defendant alleges there is a "reasonable probability" of jurisdiction, the Seventh Circuit has recently abandoned that standard. Meridian, 441 F.3d at 543 (" 'Reasonable probability that jurisdiction exists,' a phrase with no provenance and no following outside this circuit, is banished from our lexicon.")

3

seeks damages in excess of $75,000. The Plaintiff alleges she does not so intend.

The Defendant notes that the Plaintiff's complaint alleges severe and permanent injuries including great physical pain and suffering, and permanent disability. It further alleges that Plaintiff is also claiming she has incurred sums for medical treatment and will continue to incur medical expenses in the future. The Plaintiff also states she has incurred and will continue to incur lost earnings. The Defendant asserts that the $27,450.60 in medical bills and the unstated income loss, in combination with future medical expenses and the Plaintiff's great physical pain and suffering, indicate an amount in controversy almost certain to exceed $75,000.

The Defendant further notes that Plaintiff refused to execute a stipulation that she would "neither seek nor accept damages or judgment" in excess of $75,000. If a plaintiff fails to make such a stipulation, the inference arises that she thinks her claim may be worth more. See Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006). Instead of executing a stipulation, the Plaintiff submitted affidavits stating that she was seeking

4

between $50,000 and $75,000.

The Court concludes that Defendant has demonstrated by a preponderance of the evidence that this Court has jurisdiction over the subject matter.  This determination is based on the damages already incurred by the Plaintiff and the "severe and permanent injuries" that she "has suffered" and the assertion she "will suffer in the future great physical pain and suffering there from," as alleged in the complaint.  This conclusion is bolstered by the allegation that permanent disability will ensue and her future liability "to pay bills for doctors, medicine, x-rays and physical therapy."  The complaint also notes that she suffered loss of income in an unknown amount.  It is unclear whether she will suffer any future loss of income.

The foregoing demonstrates that Defendant has met its burden as to the jurisdictional amount.  There is nothing in the record, such as a stipulation or other evidence regarding potential damages, tending to show it is "legally certain" that a potential recovery will be less than the jurisdictional floor.  If any such information arises, then either party should

file a motion to remand.

Ergo, the Plaintiff's objection to removal, which the Court construes as a motion to remand, [d/e 7] is DENIED.  The parties are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: January 28, 2008

        FOR THE COURT:

                      s/Richard Mills
                      United States District Judge