IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONNA R. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3229 |
| | ) | |
| CASEY'S GENERAL STORES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion for summary judgment.

In this premises liability case, the Plaintiff alleges that she suffered personal injuries when she tripped and fell over an approximate 1.5" iron pipe on the Defendant's property. The Plaintiff claims that the pipe was sticking up out of the ground high enough to be a trip hazard but at the time was not readily observable. The Defendant has filed a motion for summary judgment. The motion turns on the legal duty owed by the

Defendant based on the Plaintiff's status.

## I. BACKGROUND

Casey's General Stores, Inc., the Defendant, is the owner and operator of a convenience store and gasoline station located at 305 Macoupin Street, Gillespie, Illinois. Donna R. Walker, the Plaintiff, alleges that she was injured as a result of tripping over a pipe in a grassy area on the Defendant's property on April 15, 2006. The Plaintiff had taken four or five steps into the grassy area when she fell. The Plaintiff claims that she commonly cut through the Defendant's parking lot because it was safer than walking on the sidewalk.

The Complaint alleges, "Plaintiff was a customer at Defendant's facility and for said service was on Defendant's property." The Complaint further states that "after exiting the Defendant's building, and while still on Defendant's premises, Plaintiff tripped over an approximately 1 ½" iron pipe that was sticking up out of the ground. The Plaintiff further asserts, "Defendant had a duty to maintain its premises in a reasonably safe condition for its customers."

During her deposition on June 25, 2008, the Plaintiff testified that she had not entered Casey's on the day she fell and that she was not a customer of the store on that day. Rather, the Plaintiff was merely "cutting through" the Defendant's property on the way to her daughter's house. Moreover, the Plaintiff did not intend to patronize the store that day, though she had shopped there on other occasions. The Plaintiff notes that people sometimes went inside the store to use the restroom or for other purposes. Some individuals would look around without buying anything. Those individuals were not asked to leave. From 2004 until now, there have never been any "No Trespassing" signs on the Defendant's property.

On the day of her alleged fall, the Plaintiff had no interaction with anyone from Casey's and never informed anyone affiliated with the store about the alleged fall. Casey's employees Melissa Hartley and Amanda Sneed were not aware of Plaintiff's presence on the Defendant's property.

The Plaintiff's complaint alleges only negligence and makes no allegation that Casey's engaged in any willful or wanton conduct, or that willful and wanton conduct caused the Plaintiff's claimed injuries.

II. ANALYSIS

A. Summary judgment standard

The entry of summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Rule 56(c) mandates the entry of judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. The Court construes all facts and makes all reasonable inferences in favor of the non-moving party. Magin v. Monsanto Co., 420 F.3d 679, 686 (7th Cir. 2005).

B. Duty of landowner and status of injured party

(1)

A landowner's duty to an individual on the landowner's property

depends upon that person's status. See Rhodes v. Illinois Cent. Gulf R.R., 172 Ill.2d 213, 227-28 (1996). An invitee is someone on the property "of another with the owner's or occupier's express or implied consent for the mutual benefit of himself and the owner, or for a purpose connected with the business in which the owner is engaged." Id. at 228. "A licensee is one who enters upon the premises of another with the owner's or occupier's express or implied consent to satisfy his own purpose." Id. The Defendant alleges that Plaintiff was a trespasser. "A trespasser is one who enters upon the premises of another with neither permission nor invitation and intrudes for some purpose of his own, or at his convenience, or merely as an idler." Id.

There was once a distinction in Illinois between the duties owed to an invitee, licensee, or trespasser. "The Illinois Premises Liability Act abolished the common law distinction between invitees and licensees, requiring of landowners the same duty 'of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them.'" Grant v. S. Roxana Dad's Club, 381 Ill. App.3d 665, 669 (5th Dist. 2008)

5

(quoting 740 ILCS 130/2). The only duty owed by a landowner to a trespasser is to refrain from willfully and wantonly injuring him. Lange v. Fisher Real Estate Developmental Corp., 358 Ill. App.3d 962, 966 (1st Dist. 2005).

(2)

The Plaintiff claims that the doctrine of habitual acquiescence or permissive use applies in this case.

> Under the permissive use exception, a landowner may owe a duty of care to trespassers, other than to refrain from willful and wanton conduct, when the landowner permits regular use of his land for travel. Liability has been extended in such cases because the landowner's continued toleration of the trespass amounts to permission to make use of the land, so that the plaintiff then is not a trespasser but becomes a licensee.

Rodriguez v. Norfolk & Western Ry. Co., 228 Ill. App.3d 1024, 1040 (1st Dist. 1992); see also Hendle v. Stevens, 224 Ill. App.3d 1046, 1055 (2nd Dist. 1992) ("Habitual acquiescence in a trespass may constitute a license for persons to enter upon the land if the tolerance is so pronounced as to be tantamount to permission."). "Previous use of the path by other members of the public is immaterial to plaintiff's case because it cannot be relied on

to establish that he was on the premises as a result of an implied invitation . . . because the owner habitually permitted such entry." <u>Rodriguez</u>, 228 Ill. App.3d at 1042.  The Plaintiff here contends that she often cut through the Defendant's lot.  In most cases, she was a customer of Casey's though there were times when she was not.

The Defendant points to <u>Skoczylas v. Ballis</u>, 191 Ill. App.3d 1 (1st Dist. 1989), in contending that the Plaintiff was a trespasser.  The plaintiff in <u>Skoczylas</u> filed suit alleging that she was injured when she fell while in a parking lot owned by the defendant in connection with his business.  <u>See</u> <u>id.</u> at 2.  The complaint alleged that plaintiff was walking across the lot to frequent another business when she tripped and fell on a plastic banding loop.  <u>See</u> <u>id.</u> at 2-3.  According to the complaint, there were several businesses near the defendant's premises and it was common for people going to those businesses to walk across the defendant's parking lot.[1]  <u>See</u>

---

[1] The Plaintiff here alleges that the plaintiff in <u>Skoczylas</u> provided no facts in her complaint to support the bald conclusion that Defendant had engaged in habitual acquiescence to non-customers on its property.  191 Ill. App.3d at 6.  Although that is accurate, it is worth noting that the court was considering a motion to dismiss for failure to state a claim.  <u>Id.</u> at 2-3.  The court recognized that the owner of the parking lot operated the lot for the use of the customers of his business.  <u>Id.</u> at 5.  The nature of the premises was such that it would have been "practically

id. at 3.  The plaintiff claimed that she had the implied consent of the landowner, thus making her a licensee instead of a trespasser.  See id.

The court observed that the complaint did not allege any facts in support of her theory of habitual acquiescence, except that "the defendant knew it was common for persons to use his lot as a pathway to the other businesses."  Skoczylas, 191 Ill. App.3d at 6.  The court rejected the plaintiff's argument and observed that given the nature of the premises, the allegations "establish the defendant's toleration of the practically unavoidable rather than consent to the entry."  Id.

> [T]he fact that the possessor knows of the intention to enter and does not prevent it is not necessarily a manifestation of consent, and therefore is not necessarily permission.  A failure to take burdensome and expensive precautions against intrusion manifests only an unwillingness to go to the trouble and expense of preventing others from trespassing on the land, and indicates only toleration of the practically unavoidable, rather than consent to the entry as licensee.  Even a failure to post a notice warning the public not to trespass cannot reasonably be construed as an expression of consent to the intrusion of persons who habitually and notoriously disregard such notices.

Id. at 5 (quoting Restatement (Second) of Torts § 330, comment c, at 173

---

unavoidable" to prevent the entry of non-customers, which was crucial to the court's ruling.  Id.  The same appears to be true in this case.

(1965)).

In <u>Blakely v. Camp Ondessonk</u>, 38 F.3d 325 (7th Cir. 1994), the court observed that camp officials attempted to discourage trespassers from entering the premises by posting no-trespassing signs, erecting a fence with barbed wire, stringing cable, and piling brush on trails leading to the property. <u>See</u> <u>id.</u> at 328 (applying Illinois law). This was deemed sufficient to establish that any use was not permissive. <u>See</u> <u>id.</u> The court cautioned, however, that "[a] landowner's mere failure to take burdensome and expensive precautions to keep trespassers out, which may well be futile, is not equivalent to acquiescence." <u>Id.</u> (citing <u>Miller v. General Motors Corp.</u>, 207 Ill. App.3d 148, 156 (4th Dist. 1990)). It does not appear that any measures were taken in this case to discourage trespassing.

At her deposition, the Plaintiff was asked how many previous times she had walked across the grassy area where she tripped and fell. The Plaintiff testified, in pertinent part, "I don't know that I've ever walked over that grassy area." In asserting that the different coloration of the grass shows that it was a worn path at the scene of her fall, the Plaintiff points to

9

a photograph taken by her son-in-law, William Suviseshamuthu. The first problem with this argument is that the photograph does not appear to be part of the record. The second problem is that it does not depict the scene where the Plaintiff tripped and fell. Suviseshamuthu testified that people walking down the worn path in the picture would not come into contact with the pipe.

Based on the foregoing, there is nothing in the record tending to show that anyone had ever walked the path that the Plaintiff was walking when she tripped and fell. The record shows only that people who did not purchase anything from the Defendant were not prohibited from the premises. This does not establish that the Defendant habitually acquiesced in or tolerated the use of the pathway where the Plaintiff fell.

The Court is not persuaded that the Plaintiff's status and the legal duty owed by the Defendant changes simply because non-customers were routinely permitted access to the Defendant's property for a variety of non-business related reasons, such as using the restroom, asking for directions or looking at merchandise without purchasing anything. Those are common

reasons for people to visit stores such as Casey's. It is fairly obvious that it would be an exercise in futility for most general stores to prohibit people from entering for these or other reasons, such as to cool off on a hot day. The Court is aware of no case which holds that these everyday occurrences alter the legal duty owed to the public at large. Instead, courts in Illinois have held that, in those circumstances where it likely would be futile to attempt to prevent trespassers, the landowner's failure to take certain measures to keep trespassers out does not necessarily constitute habitual acquiescence or toleration. See Skoczylas, 191 Ill. App.3d at 6; see also Blakely, 38 F.3d at 328.

(3)

The Court has concluded only that the Defendant's failure to take the futile step of prohibiting anyone who did not intend to buy anything from setting foot on its property did not constitute habitual acquiescence. Although this is not enough to alter the Plaintiff's legal status, it does not end the Court's inquiry.

The Plaintiff contends, in closing, that her status at the time of her

11

injury was at least that of a licensee. Although both parties spend most of their briefs arguing whether the Plaintiff was an invitee or a trespasser, it appears to the Court that the Plaintiff could be identified either as a licensee or as a trespasser, based on how those terms are defined under Illinois law.

Regarding the Plaintiff's assertion that she at least was a licensee, the record does not specify whether the she had the implied consent of the Defendant to satisfy her own purpose of "cutting through" its property on the way to her daughter's house. The Plaintiff stated she had done this on previous occasions. There is some evidence that other non-customers had also cut through the Defendant's property, though perhaps not on the exact path where the Plaintiff tripped. It would appear that the Plaintiff could also be described as a trespasser for the reasons asserted by the Defendant–she entered its property without permission and for her own benefit.

Although most of the relevant facts are undisputed, different inferences can be drawn from some of them. When "different inferences

may be drawn from undisputed facts, the plaintiff's status is a question of fact to be resolved by the jury." Rhodes, 172 Ill.2d at 241. Because there is a legitimate factual dispute regarding whether the Plaintiff was a licensee or trespasser, there is also a dispute regarding the duty of care that she was owed, thus precluding the entry of summary judgment.[2]

Ergo, the Defendant's motion for summary judgment [d/e 49] is DENIED.

ENTER: July 22, 2009

       FOR THE COURT:

                                     s/Richard Mills
                                     United States District Judge

---

[2] Having determined that summary judgment is not warranted, the Court need not address extensively the Plaintiff's additional argument that the "place of danger exception" elevates the Defendant's duty to one of ordinary care. The Court concludes that the exception would not apply in this case. The speed and volume of the traffic on the premises is not a condition or activity that would make the location a place of danger. Moreover, there is no evidence that the pipe on which the Plaintiff tripped was placed there or otherwise created by the Defendant.